UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

         v.

TODAY'S GROWTH CONSULTANT, INC.
(dba THE INCOME STORE)

and

KENNETH D. COURTRIGHT, III,

         Defendants.
_____/

Civil Action No. 1:19-cv-08454

MELANIE E. DAMIAN, AS RECEIVER OF
TODAY'S GROWTH CONSULTANT, INC.
(dba THE INCOME STORE),

         Plaintiff,
v.

MIKE ENGSTROM,

         Defendant.
_____/

ANCILLARY CASE NO.

20-cv-7087

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.**    **Nature of the Case**

    A.    Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

      a. Plaintiff's Counsel:

          i. Kenneth Murena, Esq. - lead trial attorney
          ii. Allison Leonard, Esq.
          iii. Kevin Duff, Esq. – local counsel

      b. Defendant's Counsel:

          i. Francis Lipuma, Esq.
          ii. Kevin M. Lyons, Esq.
          iii. Nicole Anderson, Esq.

    B. State the basis for federal jurisdiction.

The basis for federal jurisdiction in this case is ancillary or supplemental jurisdiction pursuant to Title 28, United States Code, Section 1367(a). This action is related to the claims in the *SEC v. Kenneth D. Courtright* Action (the "SEC action"), over which this Court has original jurisdiction pursuant to Title 28, United States Code, Section 1331. This action forms "part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

    C. Provide a short overview of the case in plain English (five sentences or less).

The District Court in the SEC Action appointed Plaintiff as Receiver and authorized her to commence actions to recover assets of the Receivership Estate. The Receiver brings this action against Defendant Engstrom to recover transfers totaling $2,432,488.91 and for aiding and abetting the underlying fraud and breaches of fiduciary duties causing damages to the Receivership Estate of over $65 million dollars.

    D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

The Receiver brought claims against Mr. Engstrom for Violations of Section 5(a)(1) of the Illinois Uniform Fraudulent Transfer Act 740 ILCS § 160/5(a)(1) (Count I); Violations of Section 5(a)(2) of the Illinois Uniform Fraudulent Transfer Act 740 ILCS § 160/5(a)(2) (Count II); Unjust Enrichment (Count III); Aiding and Abetting Fraud (Count IV); and Aiding and Abetting Breach of Fiduciary Duty (Count V). Pursuant to Defendant's Rule 12(b)(6) Motion to Dismiss, which will be filed concurrently with this Report, Defendant asserts that Plaintiff has failed to plead its causes of action with particularity as required under Rule 9(b) and fails to state a claim for which relief may be granted with the causes of action not subject to Rule 9(b).

E. What are the principal factual issues?

The principal factual issues are:

1. Whether Mr. Engstrom received the transfers identified in the complaint;
2. Whether at the time Mr. Engstrom was receiving his compensation, TGC or Mr. Courtright was incurring obligations elsewhere;
3. Whether Mr. Engstrom knowingly and substantially assisted Kenneth Courtright in perpetuating the fraudulent scheme and in breaching his fiduciary duties; and,
4. Whether Mr. Engstrom was regularly aware of his role as part of the fraudulent scheme and in Courtright's breach of fiduciary duty.

F. What are the principal legal issues?

The principal legal issues are:

1. Whether Mr. Engstrom provided TGC with reasonably equivalent value in exchange for $2,432,488.91; and,
2. Whether Mr. Engstrom is an "insider" under the Illinois Uniform Fraudulent Transfer Act

G. What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

Plaintiff is seeking recovery of the transfers received which total: $2,432,488.91.

In addition, the damages caused by Mr. Engstrom's aiding and abetting of the underlying fraud and breached of fiduciary duties in excess of $65 million dollars.

H. Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

Michael Engstrom, the sole Defendant in this case, has been served.

## II. Proposed Discovery Schedule

A.

| Event | Deadline |
|---|---|
| Amendment to the pleadings | July 2, 2021 |

3

| | |
|---|---|
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | September 2, 2021 |
| Disclosure of Plaintiff's Expert Report(s) | October 1, 2021 |
| Deposition of Plaintiff's Expert | October 15, 2021 |
| Disclosure of Defendant's Expert Report(s) | November 1, 2021 |
| Deposition of Defendant's Expert | November 15, 2021 |
| Dispositive Motions | December 15, 2021 |

      B.      How many depositions do the parties expect to take?

Plaintiff: 1-3
Defendant: 3-5

      C.      Do the parties foresee any special issues during discovery?

The parties do not foresee any special issues during discovery at this time.

      D.      Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

The parties do not have any proposals at this time.

### III.    Trial

      A.      Have any of the parties demanded a jury trial?

Plaintiff has not demanded a jury trial. Defendant has not yet answered the complaint.

      B.      Estimate the length of trial.

Plaintiff estimates that the trial in this matter will take 3-4 days.

**IV.** **Settlement, Referrals, and Consent**

    A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

No formal settlement discussions have taken place at this time. Plaintiff is amenable to referral to a magistrate judge for a settlement conference in this matter.

    B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

The Plaintiff so requests. Defendant does not consent to referral before a Magistrate Judge at this time.

    B.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

The Parties are informed and Defendant is not amenable to consenting to proceeding before a Magistrate Judge for settlement at this time.

**V.** **Other**

    A.    Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

Not at this time.

    B.    Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

Defendant will be filing a Rule 12(b)(6) Motion to Dismiss concurrently with this Report.

Respectfully submitted,

/s/ *Allison J. Leonard*
Kenneth Dante Murena
kmurena@dvllp.com
Florida Bar No. 147486
Allison J. Leonard
aleonard@dvllp.com
Florida Bar No. 87061
Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

Kevin B. Duff
kduff@rdaplaw.net
Ill. Bar No. 6210491
Rachlis Duff & Peel, LLC
542 South Dearborn Street, Suite 900
Chicago, Illinois 60605
Telephone: (312) 733-3950
*Counsel for Melanie E Damian,*
*Court Appointed Receiver*

/s/ *Francis C. Lipuma*
Francis C. Lipuma
Ill. Bar No. 6192070
franklipuma@gmail.com
105 West Adams Street
35th Floor
Chicago, IL 60603
Telephone: (312) 675-0089

/s/ *Nicole M. Anderson*
Nicole M. Anderson
Ill. Bar No. 6312258
nicole@kllawfirm.com
Lyons Law Group, LLC
5333 Main Street
Downers Grove, IL 60515
Tel: 630-852-2529
*Counsel for Defendant*